ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICKY DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 05-3442-JAR |
| ) | |
| DAVID McKUNE, et al., ) | |
| ) | |
| Respondents. ) | |
| ──────────────────────────) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Petition for a Writ of Habeas Corpus (Doc. 1)

seeking federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254.  After

considering the parties' submissions, the Court is prepared to rule.  The petition is denied

because Petitioner Ricky Davis has failed to show that the state appellate courts rendered

decisions on exhausted issues that were contrary to, or involved unreasonable applications of,

federal law.

### I.  Background

Petitioner Ricky Davis was charged with aggravated kidnaping, rape, and aggravated

sodomy in Wyandotte County District Court.  The facts surrounding the convictions have been

previously set forth in the Kansas Court of Appeals decision on direct appeal,[1] and this Court

only refers to them as needed, given the issues raised in this habeas motion.

When Davis was originally charged in this case, he was being held in federal custody in

Florence, Colorado.  On May 24, 2001, Davis signed a waiver of extradition and request for final

---

[1]*Kansas v. Davis*, No. 88,953 (Kan. Ct. App. May 2, 2003).

disposition of the Kansas case under the Interstate Agreement on Detainers Act.[2]  The request was filed with the district court on June 13, 2001 and trial was set for November 26, 2001.  On October 29, 2001, the State filed a motion to continue the trial so that it could obtain DNA test results that would link Davis to the crimes.  The district court granted that motion and trial was rescheduled for January 15, 2002.  After a jury trial, Davis was convicted of one count of kidnaping and two counts of rape.  He was found not guilty on the two counts of sodomy.  Davis was sentenced to 389 months imprisonment to run consecutive to a sentence he was to serve in federal court in Missouri.

Davis raised two issues on direct appeal: (1) that the district court failed to comply with K.S.A. § 22-4401 when it granted the trial continuance; and (2) that the district court erred when it failed to give a unanimity jury instruction on the alternative means provided in the kidnaping and rape counts.  The Kansas Court of Appeals affirmed the conviction;[3] and the Kansas Supreme Court denied a petition for review.

Davis then filed an action for post conviction relief pursuant to K.S.A. § 60-1507.  In this state habeas petition, Davis raised the two issues he had raised on direct appeal, as well as a claim of ineffective assistance of trial counsel, Benjamin Casad.  The district court denied relief.  On appeal from the denial of his state habeas petition, Davis raised only the ineffective assistance claim.  The Kansas Court of Appeals affirmed;[4] and the Kansas Supreme Court denied review.  Davis then filed this action for federal habeas relief.

---

[2]K.S.A. §§ 22-4401 through 22-4408.

[3]*Davis*, No. 88,953.

[4]*Davis v. Kansas*, No. 91,820, 2005 WL 1500864 (Kan. Ct. App. June 24, 2005).

## II.  Standard

The Court must construe pro se pleadings liberally and apply a less stringent standard

than what is applicable to attorneys.[5]  However, the Court may not provide additional factual

allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's

behalf."[6]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not

his conclusory allegations."[7]

Because Davis "filed his habeas petition after April 24, 1996, the provisions of the

Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this [proceeding]."[8]  The

AEDPA "'circumscribes a federal habeas court's review of a state-court decision.'"[9]  Under 28

U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state

court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented at the state court proceeding.
>
> A state court's decision is "contrary to" an established federal law if the state court

---

[5]*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).  The Court acknowledges that although this petition was filed pro se, on both direct appeal and in the habeas proceedings, Davis had appellate counsel.

[6]*Whitney*, 113 F.3d at 1173.

[7]*E.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997)), *cert. denied*, 540 U.S. 973 (2003).

[9]*Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003)), *cert. denied*, 540 U.S. 916 (2003).

reaches a different result than the Supreme Court would when presented with facts that are "materially indistinguishable from a relevant Supreme Court precedent" or if the state court "applies a rule that contradicts the governing law" set forth in Supreme Court cases.[10]  A decision is an "unreasonable application" of clearly established federal law if a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case."[11]  Unreasonable application of facts includes an unreasonable extension of a principle, or an unreasonable refusal to extend a principle to the facts at hand.[12]  The courts are to employ an objective standard in determining what is unreasonable.[13]

Although unreasonable determinations of fact are a second basis for a writ, a state court's determination of a factual issue shall be presumed to be correct.  The petitioner has the burden of rebutting this presumption by clear and convincing evidence.[14]  "This presumption does not extend to legal determinations or to mixed questions of law and fact."[15]  "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'"[16]  "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for

---

[10]*Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[11]*Id.* at 413.

[12]*Id.* at 407.

[13]*Id.* at 409.

[14]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003), *cert. denied*, 540 U.S. 973 (2003); *Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002).

[15]*Martinez*, 330 F.3d at 1262 (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)).

[16]*Id.* (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).

evaluating state-court rulings."[17]

## III. Analysis

Davis summarizes the following issues as grounds for relief: "Effective Assistance of Counsel Rights denied to a Speedy trial under the Interstate Agreement Act K.S.A. 22-4401 and 22-3402.  Unanimity Instruction Sua Sponte, kiddnapping [sic] charges contained element of Froce [sic], Threat or Deception.  And Unanimity Instruction contained alternative elements of Force or Fear on the rape charges?  Motion for Compel Discovery and Inspection and Brady Material 22-3212."  The substance of his claims raise the following issues: (1) the Court erred in not providing a unanimity instruction to the jury on the alternative means of the offenses; (2) his speedy trial rights were violated because the district court wrongfully allowed for a continuance of the trial date; and (3) ineffective assistance of trial and appellate counsel.  Defendants respond that Davis failed to exhaust his state remedies on many of these issue and that his claims fail on the merits.

### A.  Exhaustion

In this federal habeas action, Davis raises three broad claims for relief, yet only the ineffective assistance of trial counsel claim was raised in the state habeas proceedings.  A petitioner must first exhaust his claim in state court before bringing a federal habeas petition.[18] A claim is exhausted when the petitioner shows that he presented the issues he raises in his federal habeas petition as federal constitutional issues "to the highest state court, either by direct

---

[17]*Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (internal citations omitted), *cert. denied*, 540 U.S. 916 (2003).

[18]28 U.S.C. § 2254(b)(1)(A).

review of the conviction or in a post conviction attack."[19]  Because Davis never presented the

unanimity instruction and speedy trial  issues in a state post conviction proceeding, it must be

determined whether he satisfied the state exhaustion requirements through his direct appeal.[20]

The statutory exhaustion requirement is satisfied "once the 'substance of a federal habeas

corpus claim' has been presented to a state court."[21]  This does not require a petitioner to cite

"book and verse on the federal constitution" as long as the federal claim is "'fairly presented' to

the state courts so that they have the first opportunity to hear the claim sought to be vindicated

by the federal habeas petition."[22]

Davis's unanimity instruction claim was brought in the same form in his direct appeal as

it is presented to this Court.  Therefore this claim was "fairly presented" to the state appellate

court, which had the first opportunity to hear the claim.  But no state appellate court decided the

speedy trial issue.  As the Kansas Court of Appeals explained, the argument was waived on

direct appeal because it was not raised below.  Further, although the argument was raised in the

district court on habeas review, it was abandoned when the Kansas Court of Appeals reviewed

the decision.[23]  Because the substance of the speedy trial claim was never fairly presented to a

state appellate court, it has not been exhausted.

Finally, in Davis's federal habeas petition, he claimed ineffective assistance of trial

---

[19]*Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

[20]*Paul v. Reid*, 50 Fed. App'x 954, 956  (10th Cir. 2002).

[21]*Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (quoting *Picard v. Connor*, 404 U.S. 270, 278, (1971)), *cert. denied*, 490 U.S. 1112 (1989).

[22]*Id.* (quoting *Picard*, 404 U.S. at 275-76, 278).

[23]The Kansas Court of Appeals did consider the argument, however, in the context of an ineffective assistance of counsel claim.

counsel and appellate counsel because neither counsel had raised a speedy trial claim based on the continuance.  But although the appellate court decided Davis's ineffective assistance of *trial* counsel claim, it did not decide a claim for ineffectiveness of *appellate* counsel.  Therefore, this particular claim was not exhausted, as Davis did not "fairly present the substance of this claim in the state habeas action."[24]

In *Rhines v. Weber*,[25] the Supreme Court reconsidered the total exhaustion rule that applies when a habeas petition is "mixed," in that it presents both exhausted and unexhausted claims.  In such circumstances, the district court was to apply the total exhaustion rule and dismiss the entire petition so the state courts may have the first opportunity to consider the unexhausted issues.[26]  The Court explained that after the enactment of AEDPA and its one-year statute of limitations, "petitioners who come to federal court with 'mixed petitions' run the risk of forever losing their opportunity for any federal review of their unexhausted claims."[27] Therefore, the Court held that the "stay and abeyance procedure," which allows district courts to stay the federal habeas petition and hold it in abeyance until the petitioner returns to state court to exhaust the unexhausted claims, could be a proper exercise of district courts' discretion.[28]

But before a district court can consider the stay and abeyance procedure, the petitioner

---

[24]*See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 669 (10th Cir. 2002) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971); *Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999)), *cert. denied*, 537 U.S. 1173 (2003).

[25]544 U.S. 269 (2005).

[26]*Id.* at 274–75 (discussing *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)).

[27]*Id.* at 275.

[28]*Id.* at 276.

must show that there is good cause for failing to exhaust his claims in state court and that the claims are potentially meritorious; and the court must not have an indication that the petitioner engaged in "intentionally dilatory litigation tactics."[29]  The Court finds that petitioner has neither shown good cause for failing to exhaust, nor that the unexhausted claims are potentially meritorious.

Petitioner argues that the waiver of his speedy trial claim was due to ineffective assistance of trial and appellate counsel.  As explained more fully below, the Court does not find this to be the case.  Davis has not explained at all why his ineffective assistance claim against his appellate counsel on direct appeal was not raised in his habeas petition below.  Also, as described more fully below neither ineffective assistance of counsel claim is meritorious because since this Court considers the merits of the speedy trial claims, there is no prejudice.  Therefore, because the Court has determined that stay and abeyance is inappropriate here, "the court should allow the petitioner to delete the unexhausted claims if dismissal of the entire petition would unreasonably impair petitioner's right to obtain federal relief."[30]  The Court so allows, and proceeds to consider the merits of all the claims.  The Court addresses the merits of the

---

[29]*Id.* at 277–78.

[30]*Id.* at 278.  Furthermore, it would be fruitless to stay the petition because these claims would otherwise be procedurally barred in the state courts based on independent and adequate state grounds and because Davis is unable to show cause and prejudice or a fundamental miscarriage of justice.  *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000); *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998).  For even if the Court were to stay and abate the proceedings, the Kansas courts would not consider the merits of the unexhausted arguments.  Under K.S.A. § 60-1507(c), successive habeas petitions are prohibited.  Although "exceptional circumstances" may be an exception to this prohibition, *see, e.g.*, *Upchurch v. Kansas*, 141 P.3d 1175, 1178–79 (Kan. Ct. App. 2006), none are present here.  Although the speedy trial issue was raised on habeas review within his claim of ineffective assistance, it was not raised as a separate and distinct claim and there is no evidence of unusual events or intervening changes in the law that would tend to show exceptional circumstances that would show that the ends of justice could only be served by considering the merits of a successive petition.  *See id.*  Likewise, no such exceptional circumstances are present with regard to the ineffective assistance of appellate counsel claim.  Tenth Circuit caselaw since *Rhines*, suggests that the stay and abeyance procedure does not undermine the disposition claims that have been procedurally defaulted.  *See, e.g.*, *Murphy v. McKune*, 139 Fed. App'x 114, 116 (10th Cir. 2005).

unexhausted claims merely as part of the stay and abeyance analysis.

### B.  Unanimity/Alternative Means Instruction

The jury instructions in Davis's trial presented alternative means by which he could have committed the offenses of kidnaping and rape.  The instructions stated that Davis could have committed the kidnaping by force, threat, or deception and that he could have committed the rapes by force or fear.  Davis argued on direct appeal that the district court erred by not instructing the jury that each alternative means must be found unanimously.

But this Court finds that the state court decision concerning the failure to give a unanimity instruction was not contrary to and did not involve an unreasonable application of clearly established federal law.  For when a single crime can be committed by various means, the jury need not unanimously agree on which means were used, as long as they unanimously agree on the crime committed.[31]  And, on direct appeal, the appellate court determined that the jury verdict must be unanimous as to the defendant's guilt for the offense charged, but need not be unanimous as to the means by which the crime was committed, so long as substantial evidence supports each alternative means.[32]  The appellate court further found that substantial evidence supported the alternative means of committing the offenses of kidnaping and rape.  This Court concludes that finding was reasonable.[33]  Thus, habeas relief is not warranted on this ground.

### C.  Speedy Trial Violation

---

[31]*Schad v. Arizona*, 501 U.S. 624, 631-32 (1991); *United States v. Powell*, 226 F.3d 1181, 1194-96 (10th Cir. 2000), *cert. denied*, 531 U.S. 1166 (2001).

[32]*Kansas v. Davis*, No. 89,953, slip op. at 7-8 (Kan. Ct. App. May 2, 2003).

[33]*See Spears v. Mullin*, 343 F.3d 1215, 1236 (10th Cir. 2003).  Indeed, in his Traverse, Davis recites almost verbatim (without quotations) the Court of Appeals' decision on this issue, including its holding that the assertion that the district court committed plain error in failing to give a unanimity instruction is without merit.

Davis further contended on direct appeal that his speedy trial rights under the Sixth Amendment were violated because the district court erred in continuing the trial date without good cause and outside his presence.  But the state court decision concerning the continuance was not contrary to, nor involved an unreasonable application of clearly established federal law. The state appellate court accurately stated that the hearing on the motion to continue was not recorded, but that the Journal Entry states that "the defendant has no objection to the State's motion and therefore, for good cause shown, [the Court] SUSTAINS the State's motion."[34]  The Journal Entry also states that defendant appeared in person and by his counsel, Benjamin Casad. The appellate court refused to consider the argument because there was no objection at the trial court level; and the court further found no circumstances implicating an exception to the general rule that an issue not presented to the trial court will not be considered for the first time on appeal.[35]

Likewise, the state habeas appellate decision on this issue was not contrary to nor involved an unreasonable application of clearly established federal law.  Although only deciding the issue under an ineffective assistance of counsel analysis, the appellate court on habeas review pointed to the district court's finding, after a hearing on the habeas petition, that Casad consulted with Davis about the continuance and that Davis had no objection at the time to the continuance, in order to allow more time to negotiate a plea bargain.  The Court of Appeals also found that at

---

[34](Doc. 22, Ex. E.)

[35]*See Kansas v. Coleman*, 26 P.3d 613, 615 (Kan. 2001).  The three exceptions to the general rule are: (1) a newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case; (2) consideration of the question is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal although that court may have relied on the wrong ground or assigned the wrong reason for its decision.  *Id.* (citing *Kansas v. Mincey*, 963 P.2d 403 (Kan. 1998)).

the time of the continuance motion, Davis had only denied the crimes and had not yet asserted

that the encounter was consensual.  "Thus, there was a slim possibility that the results of the

State's DNA test might exculpate him and obviate the necessity of a defense other than a general

denial."[36]  Furthermore, the Court of Appeals pointed to the language of K.S.A. § 22-4401, that

for good cause shown, the Court may grant any necessary or reasonable continuance when "the

prisoner *or* his counsel [is] present."[37]  The case that Davis attached to his petition is inapposite,

as the defendant there objected to the continuance by and through counsel.[38]  In sum, the Court

finds no merit to the speedy trial claims in Davis's petition.

### D.  Ineffective Assistance of Counsel

Davis also claims ineffective assistance of trial counsel in: (1) allowing the trial

continuance; (2) failing to challenge the search of his home; (3) failing to investigate why there

was no mug shot used as evidence at trial; and (4) failing to challenge the sufficiency of the

evidence.

In order to succeed on a claim of ineffective assistance of counsel, Davis must meet the

two-prong test set forth in *Strickland v. Washington*.[39]  Under that test, Davis must first show

that his counsel's performance was deficient because it "fell below an objective standard of

reasonableness."[40]  Second, he must show that counsel's deficient performance actually

---

[36]*Davis*, 2005 WL 1500864, at *2.

[37]*Id.* (quoting K.S.A. § 22-4401) (emphasis added).

[38]*Kansas v. Ford*, No. 89330, 2004 WL 835850 (D. Kan. Apr. 16, 2004).

[39]466 U.S. 668 (1984).

[40]*Id.* at 688.

prejudiced his defense.[41]  "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged actions was not sound strategy."[42]  Counsel's performance must be considered from counsel's perspective at the time of the alleged error and in light of all the circumstances.[43]

With regard to Davis's claims about the continuance, the appellate court noted substantial evidence to support the trial court findings based on Casad's testimony at the evidentiary hearing, and the fact that at the time of the continuance, Davis had not claimed consent as a defense.  The appellate court then proceeded to determine there was no prejudice because there was no evidence that the denial of his continuance motion would have resulted in a more favorable outcome, nor that the lack of DNA evidence would have resulted in a more favorable outcome.  These findings were not contrary to nor an unreasonable application of federal law.

Furthermore, Davis suggests that Casad failed to follow Kansas Model Code of Professional Responsibility, Rule 1.2.  Rule 1.2 sets forth the scope of an attorney's representation.  Rule 1.2 requires the lawyer to abide by the client's decisions concerning the objectives of representation, with certain exceptions, and requires the attorney to consult with the client regarding the means that the lawyer chooses to pursue.[44]  The comment to Rule 1.2 explains the distinction between the objectives and the means of representation:

---

[41]*Id.*

[42]*Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).

[43]*Id.*; *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[44]KAN. MODEL R. PROF. CONDUCT 1.2 (1988).

> The client has ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations.  Within those limits, a client also has a right to consult with the lawyer about the means to be used in pursuing those objectives.  At the same time, a lawyer is not required to pursue objectives or employ means simply because a client may wish that the lawyer do so.  A clear distinction between objectives and means sometimes cannot be drawn, and in many cases the client-lawyer relationship partakes of a joint undertaking.  In questions of means, the lawyer should assume responsibility for technical and legal tactical issues, but should defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected.[45]

Davis construes an attorney's duty as requiring the attorney to essentially follow his directives about not only the objectives, but the means of representation.  This is not an accurate interpretation of the nature of the attorney-client relationship.  Davis's complaints in this case concern the *means* of representation—technical legal and tactical issues.  There is no evidence that Casad did not fulfill his duty to consult with Davis about the objectives of the representation, but only on the means, which in this case entailed the decision to continue the trial date until DNA testing was complete.

Davis's claim that his attorney should have challenged the search of his home also falls short.  In order to show that Casad's performance was objectively unreasonable for failing to file a motion to suppress in this case, Davis must show that such a motion "was meritorious and that a reasonable probability exists that the verdict would have been different absent the excludable evidence."[46]  Davis makes no attempt to meet this standard, nor does he identify what evidence was uncovered during the allegedly illegal search that would have been suppressed.

Davis argues that it was objectively unreasonable for Casad not to present the mug shots

---

[45]R. 1.2 cmt.

[46]*Hooper v. Mullin*, 314 F.3d 1162, 1176 (10th Cir. 2002), *cert. denied*, 540 U.S. 838 (2003).

at trial that allowed Davis to be identified in these crimes and for Casad not to reasonably investigate.  But he fails to explain how this prejudiced him at trial, especially given that he contends the encounter was consensual.  There is no indication in the record that the outcome would have been different had these mug shots been presented.  Likewise, Davis fails to adequately allege an ineffective assistance claim against his appellate counsel for failing to exhaust certain issues on appeal.  Rather than dismiss Davis's federal habeas petition because some of the claims were not exhausted, this Court proceeded to determine all of the claims on the merits.  As a result, there is no prejudice even if Davis's appellate attorney's conduct in failing to exhaust these claims was objectively unreasonable.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition for a Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS SO ORDERED.**

Dated this 13th  day of December 2006.

 **S/ Julie A. Robinson**

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE